# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |
|---|---|
| AJ KWIATKOWSKI, ASHLEE INSCOE, PUMPKIN SNUGGS, LULUBELL FRAZIER AND TREMAYNE IZZARD, Individually and on behalf of a class of similarly situated persons,<br><br>_Plaintiffs_,<br><br>v.<br><br>LESLIE COOLEY DISMUKES, in her official capacity as Secretary of the North Carolina Department of Adult Correction, And ARTHUR "LES" CAMPBELL, in his official capacity as Medical Director of the North Carolina Department of Adult Correction,<br><br>_Defendants_,<br><br>and<br><br>PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and DESTIN C. HALL, in his official capacity as Speaker of the North Carolina House of Representatives,<br><br>_Proposed Intervenors._ | CASE NO. 3:26-cv-00098-SCR-WCM,<br><br><br><br><br>**ANSWER OF PROPOSED INTERVENORS PHILIP E. BERGER, IN HIS OFFICIAL CAPACITY AS PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE, AND DESTIN C. HALL, IN HIS OFFICIAL CAPACITY AS SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES** |

Proposed Intervenors Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Destin C. Hall, in his official capacity as Speaker of the North Carolina House of Representatives, by and through counsel, answer Plaintiffs' Complaint, Doc. 1, as follows:

1. Proposed Intervenors admit that Plaintiffs are incarcerated in the custody of the North Carolina Department of Adult Correction ("DAC"). Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding their individual medical conditions and treatment histories and therefore deny those allegations.

2. Proposed Intervenors admit that House Bill 805 (the "statute"), restricts the use of State funds for specified procedures and treatments, as reflected in the statutory text. To the extent that Paragraph 2 purports to characterize the statute, the law speaks for itself and is the best evidence of its contents; to the extent that the characterization in the Complaint differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 2 are denied.

3. Proposed Intervenors admit that House Bill 805 includes provisions concerning imminent physical harm. To the extent that Paragraph 3 purports to characterize the statute, the law speaks for itself and is the best evidence of its contents; to the extent that the characterization in the Complaint differs from this best evidence, that characterization is denied.

4. The allegations in Paragraph 4 are denied.

5. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 5; therefore, those allegations are denied.

6. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 6; therefore, those allegations are denied.

1

7. Paragraph 7 solely characterizes Plaintiffs' legal theories and claims and requires no response.

<strong>JURISDICTION AND VENUE</strong>

8. Paragraph 8 solely characterizes Plaintiffs' legal theories and claims and requires no response.

9. Paragraph 9 solely characterizes Plaintiffs' legal theories and claims and requires no response.

10. Paragraph 10 solely characterizes Plaintiffs' legal theories and claims and requires no response.

11. Paragraph 11 solely characterizes Plaintiffs' legal theories and claims and requires no response.

<strong>PARTIES</strong>

<strong><u>Plaintiffs</u></strong>

12. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 12; therefore, those allegations are denied.

13. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 13; therefore, those allegations are denied.

14. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 14; therefore, those allegations are denied.

15. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 15; therefore, those allegations are denied.

16. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 16; therefore, those allegations are denied.

2

**Putative Class Plaintiffs**

17. Paragraph 17 solely characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors deny that Plaintiffs satisfy the requirements of Rule 23. Proposed Intervenors further deny that class certification is appropriate.

18. Paragraph 18 solely characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors deny that Plaintiffs satisfy the requirements of Rule 23. Proposed Intervenors further deny that class certification is appropriate.

19. Paragraph 19 solely characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors deny that Plaintiffs satisfy the requirements of Rule 23. Proposed Intervenors further deny that class certification is appropriate.

20. The allegations in Paragraph 20 are denied. Proposed Intervenors further deny that Plaintiffs satisfy the requirements of Rule 23 and deny that class certification is appropriate.

21. The allegations in Paragraph 21 are denied. Proposed Intervenors further deny that Plaintiffs satisfy the requirements of Rule 23 and deny that class certification is appropriate.

22. The allegations in Paragraph 22 are denied. Proposed Intervenors further deny that Plaintiffs satisfy the requirements of Rule 23 and deny that class certification is appropriate.

23. Paragraph 23 characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors deny that Plaintiffs satisfy the requirements of Rule 23 and deny that class certification is appropriate. Any remaining allegations in this paragraph are denied.

24. Paragraph 24 characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors further deny that Plaintiffs satisfy the requirements of Rule 23 and deny that class certification is appropriate.

3

25. Paragraph 25 characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors deny that Plaintiffs satisfy the requirements of Rule 23 and deny that class certification is appropriate. Any remaining allegations in this paragraph are denied.

26. Paragraph 26 characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors deny that Plaintiffs satisfy the requirements of Rule 23 and deny that class certification is appropriate. Proposed Intervenors further state they lack knowledge sufficient to admit or deny the individualized allegation regarding exhaustion of administrative remedies, therefore the allegation is denied. Any remaining allegations in this paragraph are denied.

27. Paragraph 27 characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors deny that Plaintiffs satisfy the requirements of Rule 23 and deny that class certification is appropriate. Proposed Intervenors further state they lack knowledge sufficient to admit or deny the allegations regarding specific qualifications of counsel for Plaintiffs, therefore the allegations are denied. Any remaining allegations in this paragraph are denied.

28. Paragraph 28 solely characterizes Plaintiffs' legal theories and claims and requires no response Proposed Intervenors deny that Plaintiffs satisfy the requirements of Rule 23. Proposed Intervenors further deny that class certification is appropriate.

29. Paragraph 29 solely characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors deny that Plaintiffs satisfy the requirements of Rule 23. Proposed Intervenors further deny that class certification is appropriate.

**Defendants**

30. Paragraph 30 solely characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors admit Defendant Leslie Dismukes holds the office Plaintiffs

4

identify.

31.     Paragraph 31 solely characterizes Plaintiffs' legal theories and claims and requires no response. Proposed Intervenors admit Defendant Arthur Campbell holds the office Plaintiffs identify.

## FACTUAL ALLEGATIONS

32.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 32; therefore, those allegations are denied.

33.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 33; therefore, those allegations are denied.

34.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 34; therefore, those allegations are denied.

35.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 35; therefore, those allegations are denied.

36.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 36; therefore, those allegations are denied.

37.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 37; therefore, those allegations are denied.

38.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 38; therefore, those allegations are denied.

39.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 39; therefore, those allegations are denied.

40.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 40; therefore, those allegations are denied.

41.     The allegations in Paragraph 41 are denied.

42.     The allegations in Paragraph 42 are denied.

43.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 43; therefore, those allegations are denied.

44.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 44; therefore, those allegations are denied.

45.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 45; therefore, those allegations are denied.

46.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 46; therefore, those allegations are denied.

47.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 47; therefore, those allegations are denied.

48.     Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 48; therefore, those allegations are denied.

49.     The text of the policy at issue is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the policy is inconsistent with its plain meaning, Proposed Intervenors deny such allegations. Proposed Intervenors lack knowledge sufficient to admit or deny any remaining factual allegations in Paragraph 49; therefore, those allegations are denied.

50.     The text of the policy at issue is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the policy is inconsistent with its plain meaning, Proposed Intervenors deny such allegations. Proposed Intervenors lack knowledge sufficient to admit or deny any remaining factual allegations in Paragraph 49; therefore, those allegations are denied.

51.     The text of the policy at issue is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the policy is inconsistent with its plain meaning, Proposed Intervenors deny such allegations. Proposed Intervenors lack knowledge sufficient to admit or deny any remaining factual allegations in Paragraph 49; therefore, those allegations are denied.

52.     The text of the policy at issue is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the policy is inconsistent with its plain meaning, Proposed Intervenors deny such allegations. Proposed Intervenors lack knowledge sufficient to admit or deny any remaining factual allegations in Paragraph 49; therefore, those allegations are denied.

53.     The text of the policy at issue is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the policy is inconsistent with its plain meaning, Proposed Intervenors deny such allegations. Proposed Intervenors lack knowledge sufficient to admit or deny any remaining factual allegations in Paragraph 49; therefore, those allegations are denied.

54.     The text of the policy at issue is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the policy is inconsistent with its plain meaning, Proposed Intervenors deny such allegations. Proposed Intervenors lack knowledge sufficient to admit or deny any remaining factual allegations in Paragraph 49; therefore, those allegations are denied.

55.     The allegations contained in Paragraph 55 contain legal questions and conclusions of law which require no answer. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations concerning Defendant Campbell and DAC policy, therefore those allegations are denied. All other allegations in Paragraph 55 are denied.

56.     The allegations contained in Paragraph 56 contain legal questions and conclusions of law which require no answer. All other allegations in Paragraph 56 are denied.

7

57.     Proposed Intervenors admit that on April 7, 2025, the North Carolina House of Representatives introduced a draft of HB 805 short titled "Prevent Sexual Exploitation/Women and Minors." The legislative draft text is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the legislative draft text is inconsistent with its plain meaning, Proposed Intervenors deny such allegations.

58.     Proposed Intervenors admit that a committee substitute to HB 805 was adopted by the North Carolina Senate. The draft legislative text is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the legislative draft text is inconsistent with its plain meaning, Proposed Intervenors deny such allegations.

59.     Proposed Intervenors admit that the text of the draft legislation included in Paragraph 59 is a correct quotation of the proposed draft legislative text. To the extent the characterization in the Complaint of the legislative draft text is inconsistent with its plain meaning, Proposed Intervenors deny such allegations.

60.     Proposed Intervenors state that N.C. Gen. Stat. § 143C-6-5.6  speaks for itself. To the extent that the characterization in the Complaint is inconsistent with its plain meaning, Proposed Intervenors deny such allegations.

61.     Proposed Intervenors state that HB 805's text is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the text is inconsistent with its plain meaning, Proposed Intervenors deny such allegations.

62.     Proposed Intervenors state that HB 805's text is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the text is inconsistent with its plain meaning, Proposed Intervenors deny such allegations.

8

63. Proposed Intervenors state that HB 805's text is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the text is inconsistent with its plain meaning, Proposed Intervenors deny such allegations.

64. Admitted.

65. Admitted.

66. Proposed Intervenors admit that Governor Josh Stein vetoed HB 805 on July 3, 2025 and issued a statement regarding his veto. Proposed interveners state that Governor Stein's statement is publicly available and speaks for itself. To the extent Plaintiffs' characterization of the statement is inconsistent with its plain meaning, Proposed Intervenors deny such allegations.

67. Proposed Intervenors admit that both chambers of the North Carolina General Assembly overrode Governor Stein's veto of HB 805. Proposed Intervenors also admit that HB 805 became law and its provisions became effective pursuant to the enacted text of the statute. Any other allegations in Paragraph 67 are denied.

68. Paragraph 68 characterizes Plaintiffs' legal theories and claims and requires no response. Any factual allegations in Paragraph 68 are denied.

69. Paragraph 69 characterizes Plaintiffs' legal theories and claims and requires no response. Any factual allegations in Paragraph 69 are denied.

70. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 70; therefore, those allegations are denied.

71. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 71; therefore, those allegations are denied.

72. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 72; therefore, those allegations are denied.

9

73. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 73; therefore, those allegations are denied.

74. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 74; therefore, those allegations are denied.

75. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 75; therefore, those allegations are denied.

76. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 76; therefore, those allegations are denied.

77. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 77; therefore, those allegations are denied.

78. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 78; therefore, those allegations are denied.

79. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 79; therefore, those allegations are denied.

80. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 80; therefore, those allegations are denied.

81. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 81; therefore, those allegations are denied.

82. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 82; therefore, those allegations are denied.

83. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 83; therefore, those allegations are denied.

84. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 84; therefore, those allegations are denied.

85. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 85; therefore, those allegations are denied.

86. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 86; therefore, those allegations are denied.

87. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 87; therefore, those allegations are denied.

88. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 88; therefore, those allegations are denied.

89. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 89; therefore, those allegations are denied.

90. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 90; therefore, those allegations are denied.

91. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 91; therefore, those allegations are denied.

92. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 92; therefore, those allegations are denied.

93. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 93; therefore, those allegations are denied.

94. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 94; therefore, those allegations are denied.

95. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 95; therefore, those allegations are denied.

96. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 96; therefore, those allegations are denied.

97. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 97; therefore, those allegations are denied.

98. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 98; therefore, those allegations are denied.

99. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 99; therefore, those allegations are denied.

100. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 100; therefore, those allegations are denied.

101. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 101; therefore, those allegations are denied.

102. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 102; therefore, those allegations are denied.

103. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 103; therefore, those allegations are denied.

104. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 104; therefore, those allegations are denied.

105. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 105; therefore, those allegations are denied.

106. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 106; therefore, those allegations are denied.

107. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 107; therefore, those allegations are denied.

108. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 108; therefore, those allegations are denied.

109. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 109; therefore, those allegations are denied.

## CLAIM FOR RELIEF

110. Proposed Intervenors incorporate the foregoing paragraphs as if fully set forth herein.

111. Paragraph 111 contains legal conclusions and questions of law that require no answer.

112. Paragraph 112 contains legal conclusions and questions of law that require no answer.

113. Paragraph 113 contains legal conclusions and questions of law that require no answer.

114. Paragraph 114 contains legal conclusions and questions of law that require no answer.

115. Paragraph 115 contains legal conclusions and questions of law that require no answer.

116. Proposed Intervenors lack knowledge sufficient to admit or deny factual allegations in Paragraph 116; therefore, those allegations are denied.

13

117. Proposed interveners state that HB 805 speaks for itself. To the extent Plaintiffs' characterization of the statement is inconsistent with its plain meaning, Proposed Intervenors deny such allegations. Proposed Intervenors deny any remaining allegations in Paragraph 117.

118. Paragraph 118 contains legal conclusions and questions of law that require no answer. To the extent an answer is required, the allegations are denied.

119. Paragraph 119 contains legal conclusions and questions of law that require no answer. To the extent an answer is required, the allegations are denied.

120. Paragraph 120 contains legal conclusions and questions of law that require no answer. To the extent an answer is required, the allegations are denied.

## PRAYER FOR RELIEF

Proposed Intervenors deny that Plaintiffs are entitled to, or that this Court has jurisdiction to grant, any of the relief requested.

Proposed Intervenors deny each and every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on matters where it would otherwise rest with Plaintiffs, the Proposed Intervenors assert the following defenses:

### First Affirmative Defense

Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by lack of standing, ripeness, or mootness.

14

**Third Affirmative Defense**

There is medical uncertainty concerning the proper treatment of gender dysphoria, and the North Carolina Legislature has authority to regulate the treatment of gender dysphoria.

**Fourth Affirmative Defense**

HB 805 constitutes a valid exercise of the State's legislative authority over appropriations and correctional administration. HB 805 is rationally related to legitimate governmental interests, including (1) allocation of limited public resources, (2) regulation of public expenditures, (3) correctional administration, (4) and the State's authority to define publicly funded medical care.

**Fifth Affirmative Defense**

Federal courts must afford substantial deference to legislative judgments concerning correctional policy and public expenditures.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of laches.

**Seventh Affirmative Defense**

The equities do not favor injunctive or declaratory relief.

**Eighth Affirmative Defense**

The equities do not favor emergency injunctive relief.

15

## Ninth Affirmative Defense

Plaintiffs are not likely to prevail on the merits.

## Tenth Affirmative Defense

The Defense of sovereign immunity is preserved.

## Reservation of Defenses

Proposed Intervenors presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Proposed Intervenors reserve the right to assert additional defenses in this action in the event that discovery or other developments indicate that they would be appropriate.

WHEREFORE, Proposed Intervenors respectfully request that this Court dismiss Plaintiffs' claims with prejudice, deny Plaintiffs' prayer for relief, order Plaintiffs to pay Proposed Intervenors' costs and attorneys' fees, and grant other relief deemed just and proper.

Dated: March 6, 2026

Respectfully Submitted,

/s/ Nicole J. Moss
Nicole J. Moss
David H. Thompson*
Brian W. Barnes*
Peter A. Patterson*
John D. Ohlendorf*
John D. Ramer*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C., 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
nmoss@cooperkirk.com
dthompson@cooperkirk.com

16

bbarnes@cooperkirk.com
ppatterson@cooperkirk.com
johlendorf@cooperkirk.com
jramer@cooperkirk.com

*Admitted *pro hac vice*

*Counsel for Defendant-Intervenors*

17

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

The undersigned counsel hereby certifies the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered.

/s/ Nicole J. Moss
Nicole J. Moss

*Counsel for Defendant-Intervenors*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that, on March 26, 2026, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel or record in this matter.

/s/ Nicole J. Moss
Nicole J. Moss

*Counsel for Defendant-Intervenors*

19