AJ KWIATKOWSKI, et al.,

    *Plaintiffs,*

    v.

LESLIE COOLEY DISMUKES, et al.,

    *Defendants*,

    and

PHILIP E. BERGER, et al.,

    *Intervenor-Defendants.*

Case No.
3:26-cv-00098-SCR-WCM

## PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADINGS TO PLAINTIFFS' COMPLAINT

Defendants Dismukes and Campbell (State Defendants) seek a 30-day extension to file a responsive pleading to Plaintiffs' complaint. (D.E. 28). Plaintiffs do not object to a 30-day extension for State Defendants to file an answer, but otherwise only consent to a 14-day extension if State Defendants intend to file any other Rule 12 motions. State Defendants have indicated they intend to file a motion to dismiss. (*Id* ¶ 17).

State Defendants have already had sixty days to respond to the complaint, which was filed February 6, 2026. (D.E. 1). Also currently pending before the Court are Plaintiffs' motions for class certification (D.E. 18) and a preliminary injunction (D.E. 20) that seeks relief from a statewide constitutional violation. All Defendants are seeking a four-month extension to conduct discovery and respond to those motions. (D.E. 26).

1

Plaintiffs' counsel respect that their colleagues have demanding schedules. But Plaintiffs are concerned that, because Defendants are already seeking a significant extension to respond to the pending motions, adding another month for State Defendants to file a dispositive motion — which would likely need to be decided before or in conjunction with the motions for class certification and preliminary injunction — will add a significant amount of time during which class members will continue to face a serious danger of being denied medically necessary care. *See De'lonta v. Johnson*, 708 F.3d 520, 525–26 (4th Cir. 2013).

In support of the request for a 30-day extension, State Defendants' counsel cites his busy calendar. That alone, however, does not establish good cause to extend the time to answer by thirty days, particularly when State Defendants have already had sixty days and are represented here by two attorneys.

Accordingly, if the Court grants an extension of time, it should not be greater than 14 days.

Respectfully submitted this 7th day of April, 2026.

*/s/ Jaclyn A. Maffetore*
Jaclyn A. Maffetore
N.C. State Bar #50849
Daniel K. Siegel
N.C. State Bar # 46397
Ivy A. Johnson
N.C. State Bar # 52228
P.O. Box 28004
ACLU OF NORTH CAROLINA
LEGAL FOUNDATION
Raleigh, NC 27611
T: (919) 354-5070
jmaffetore@acluofnc.org
dsiegel@acluofnc.org
ijohnson@acluofnc.org

*/s/ Elizabeth G. Simpson*
Elizabeth G. Simpson
N.C. State Bar # 41596
EMANCIPATE NC
P.O. Box 309
Durham, NC 27702
elizabeth@emancipatenc.org
919-682-1149

3

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 7, 2026, I filed the foregoing with the Clerk of the Court using the

CM/ECF system, which will effect service on all counsel of record.

Respectfully submitted this the 7th day of April, 2026.

*/s/ Jaclyn A.*
*Maffetore* Jaclyn A.
Maffetore

*Counsel for Plaintiff*

4

# CERTIFICATE OF AI COMPLIANCE

Pursuant to the Court's standing order on the use of artificial intelligence, Docket No. 3:24-mc-104, I hereby certify that no artificial intelligence was employed in the research for the preparation of the foregoing document except for such artificial intelligence embedded in Westlaw. I further certify that every statement and citation to authority in the foregoing document has been checked by an attorney in this case or a paralegal working at their direction as to the accuracy of the proposition for which it is offered and the citation to authority provided.

Respectfully submitted this the 7th day of April, 2026.

*/s/ Jaclyn A. Maffetore*
Jaclyn A. Maffetore

*Counsel for Plaintiff*
