# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:26-cv-98-SCR-WCM

| | | |
|---|---|---|
| AJ KWIATKOWSKI; ASHLEE INSCOE; PUMPKIN SNUGGS; LULUBELL FRAZIER; and **TREMAYNE IZZARD**, *individually and on behalf of a class of similarly situated persons,* | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| | ) | |
| **LESLIE COOLEY DISMUKES,** *in her official capacity as Secretary of the North Carolina Department of Adult Correction* and **ARTHUR CAMPBELL**, *in his official capacity as Medical Director of the North Carolina Department of Adult Correction,* | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| **PHILIP E. BERGER,** *in his official capacity as President Pro Tempore of the North Carolina Senate* and **DESTIN C. HALL,** *in his official capacity as Speaker of the North Carolina House of Representatives,* | ) ) ) ) ) ) | |
| Intervenor-Defendants. | ) | |

This matter is before the Court on multiple motions and for case management purposes.

## I. Background

On February 6, 2026, Plaintiffs filed their original Complaint against Leslie Dismukes, in her official capacity as Secretary of the North Carolina Department of Adult Correction ("NCDAC"), and Dr. Arthur L. Campbell, in his official capacity as Chief Medical Officer of NCDAC (the "State Defendants"). Doc. 1.

On March 18, 2026, Plaintiffs filed a Motion for Class Certification (Doc. 18) and a Motion for Preliminary Injunction (Doc. 20).

On March 19, 2026, Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Destin C. Hall, in his official capacity as Speaker of the North Carolina House of Representatives (the "Legislative Defendants") were granted leave to intervene.

On March 27, 2026, the State Defendants and the Legislative Defendants (collectively, "Defendants") filed the "State and Legislative Defendants' Motion for an Extension of Time to Respond to Plaintiffs' Motions for Class Certification and Preliminary Injunctive Relief and for Leave to Obtain Discovery to Respond to Plaintiffs' Motions" (the "Motion to Extend," Doc. 26). The Motion to Extend is fully briefed. Docs. 27, 30, 31.

On May 7, 2026, the Legislative Defendants filed a Motion for Judgment on the Pleadings (Doc. 32) and the State Defendants filed a Motion to Dismiss (Doc. 33). Those motions have been referred to the undersigned for the entry

of a memorandum and recommendation and both are fully briefed. Docs. 36, 37, 38, 39.

On May 8, 2026, the Legislative Defendants filed a Consent Motion for Leave to File Amended Answer (Doc. 35), along with a proposed amended answer. The Legislative Defendants state that Plaintiffs have provided their written consent for the Legislative Defendants to file their amended answer, and no other party has filed any response to that motion.

## II.    Discussion

By the Motion to Extend, Defendants request an extension of time, to August 3, 2026, to respond to Plaintiffs' Motion for Class Certification and Motion for Preliminary Injunction. Defendants also seek leave "to conduct limited discovery in aid of those responses in advance of the required Rule 26(f) conference, including permitting Defendants to issue Requests for Production and to take depositions of Plaintiffs and their expert." Doc. 26 at 2.

The undersigned finds that judicial economy counsels toward resolution of merits issues prior to the consideration, if necessary, of the Motion for Class Certification and the Motion for Preliminary Injunction. That is, the question of whether, as Defendants contend, Plaintiffs' claims are deficient and should be dismissed under Rule 12, should be addressed before the issues of Plaintiffs' entitlement to preliminary injunctive relief and class certification are considered.

Accordingly, the Legislative Defendants will be allowed to file their proposed amended answer.

Because the filing of that pleading will render the pending Motion for Judgment on the Pleadings moot, and in order to ensure the orderly progress of this matter, the Court will set a deadline for the filing of any renewed Motion for Judgment on the Pleadings.

Further, Defendants' deadline to respond the pending Motion for Class Certification and Motion for Preliminary Injunction will be stayed temporarily pending resolution of the State Defendants' Motion to Dismiss and any renewed Motion for Judgment on the Pleadings that may be filed.

**IT IS THEREFORE ORDERED THAT:**

1. The Legislative Defendants' Consent Motion for Leave to File Amended Answer (Doc. 35) is **GRANTED** and the Legislative Defendants are given leave to file, on or before **July 14, 2026**, their proposed amended answer (Doc. 35-1).

2. Any renewed Motion for Judgment on the Pleadings shall be filed no later than **July 28, 2026**.

3. The deadline for Defendants to respond to Plaintiffs' Motion for Class Certification (Doc. 18) and Plaintiffs' Motion for Preliminary Injunction (Doc. 20) is **STAYED** pending resolution of the State Defendants' Motion to Dismiss (Doc. 33) and any renewed Motion for

4

Judgment on the Pleadings. Following rulings on those dispositive motions, a new deadline for Defendants to respond to Plaintiffs' Motion for Class Certification (Doc. 18) and Plaintiffs' Motion for Preliminary Injunction (Doc. 20) will be established, if appropriate.

4. With respect to the State and Legislative Defendants' Motion for an Extension of Time to Respond to Plaintiffs' Motions for Class Certification and Preliminary Injunctive Relief and for Leave to Obtain Discovery to Respond to Plaintiffs' Motions (Doc. 26):

   a. To the extent Defendants request an extension to and including August 3, 2026 to respond to Plaintiffs' Motion for Class Certification and Plaintiffs' Motion for Preliminary Injunction, the Motion is **DENIED AS MOOT.**

   b. To the extent Defendants seek leave to conduct early discovery, the Motion is **DENIED WITHOUT PREJUDICE.**

Signed: July 8, 2026

W. Carleton Metcalf
United States Magistrate Judge

5