**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

AJ KWIATKOWSKI, ASHLEE INSCOE, PUMPKIN SNUGGS, LULUBELL FRAZIER, and TREMAYNE IZZARD, Individually and on behalf of a class of similarly situated persons,

*Plaintiffs*,

v.

LESLIE COOLEY DISMUKES, in her official capacity as Secretary of the North Carolina Department of Adult Correction, and ARTHUR "LES" CAMPBELL, in his official capacity as Medical Director of the North Carolina Department of Adult Correction,

*Defendants*,

and

PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and DESTIN C. HALL, in his official capacity as Speaker of the North Carolina House of Representatives,

*Intervenor-Defendants*.

CASE NO. 3:26-cv-00098-SCR-WCM

**INTERVENOR-DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION**

Intervenor-Defendants Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Destin C. Hall, in his official capacity as Speaker of the North Carolina House of Representatives (collectively, "Legislative Defendants"), respectfully defer to the Court regarding how quickly it should resolve Defendants' pending dispositive motions.

It bears noting, however, that Plaintiffs have not established good cause for expedited consideration of those motions. As Legislative Defendants have explained, Plaintiffs' Eighth Amendment claim lacks merit. *See, e.g.*, Br. Supporting Renewed Mot. for J. on the Pleadings, DE43-1. The "factual context" confirms expedition is unnecessary. 28 U.S.C. § 1657(a). Plaintiffs waited over six months after the enactment of the challenged law to file suit and delayed another six weeks to file their motion for preliminary injunctive relief and motion for class certification. *See* Defs.' Mot. for Extension of Time and for Leave to Obtain Early Discovery at 2–4, DE26; *see also Quince Orchard Valley Citizens Ass'n v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989) (noting that delay in seeking preliminary injunctive relief is one indication that "speedy action is not required"). Opposing Legislative Defendants' renewed motion for judgment on the pleadings months later, Plaintiffs chose not to present any new evidence regarding standing or ripeness. *See* Pls.' Resp. Opposing Mot. for J. at 6–14, DE44. Plaintiffs' actions confirm that expedited consideration is unnecessary. Legislative Defendants' respectfully submit that the Court should exercise its discretion to decide the pending dispositive motions on a timeline that the Court deems appropriate.

At the end of Plaintiffs' brief supporting their motion for expedited consideration, Plaintiffs include a request that, if Defendants' dispositive "motions are denied," the Court should "promptly set deadlines for Defendants to respond to Plaintiffs' motion for class certification (D.E. 18) and preliminary injunction (D.E. 20)." Pls.' Br. Supporting Mot. for Expedited Consideration at 2,

DE47. Legislative Defendants oppose this request. As Legislative Defendants informed Plaintiffs before they filed their present motion, Legislative Defendants believe setting a schedule for Defendants to respond to Plaintiffs' preliminary injunction and class certification motions is more appropriately handled after the parties see how the Court resolves Defendants' dispositive motions. If the dispositive motions are denied, Legislative Defendants will likely seek to conduct discovery to support their response to those motions. *Cf.* Defs.' Mot. for Extension of Time and for Leave to Obtain Early Discovery, DE26; July 8, 2026 Order at 5, DE41 (denying Defendants' extension request as moot and denying without prejudice Defendants' request for leave to seek early discovery). Discovery has not opened, and Plaintiffs have opposed any such discovery prior to the Rule 26(f) conference. Immediately setting deadlines for Defendants to respond to Plaintiffs' motions is unnecessary and would be "highly prejudicial to Defendants," as they have already explained. Defs.' Mot. for Extension of Time and for Leave to Obtain Early Discovery at 6–8; *see also* Legislative Defs.' Reply Supporting Their Motion for Extension of Time and for Leave to Obtain Discovery, DE31.

The Court should grant Legislative Defendants judgment on the pleadings. But if Defendants' dispositive motions are denied, then the Court should not rush to resolve Plaintiffs' preliminary injunction and class certification motions and should not deny Defendants the opportunity to take discovery to support their responses.

Dated: August 13, 2026

Respectfully submitted,

/s/ Nicole J. Moss
Nicole J. Moss
David H. Thompson*
Peter A. Patterson*
Clark L. Hildabrand*
John D. Ramer*
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
nmoss@cooperkirk.com
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
childabrand@cooperkirk.com
jramer@cooperkirk.com

**Pro hac vice*

*Counsel for Defendant-Intervenors*

**CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE**

The undersigned counsel hereby certifies the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered.

/s/ Nicole J. Moss
Nicole J. Moss

*Counsel for Defendant-Intervenors*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on August 13, 2026, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

/s/ Nicole J. Moss
Nicole J. Moss

*Counsel for Defendant-Intervenors*