**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| AJ KWIATKOWSKI, ASHLEE INSCOE, PUMPKIN SNUGGS, LULUBELL FRAZIER, and TREMAYNE IZZARD, Individually and on behalf of a class of similarly situated persons,<br><br>*Plaintiffs*,<br>v.<br><br>LESLIE COOLEY DISMUKES, in her official capacity as Secretary of the North Carolina Department of Adult Correction, and ARTHUR "LES" CAMPBELL, in his official capacity as Medical Director of the North Carolina Department of Adult Correction,<br><br>*Defendants*,<br><br>and<br><br>PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and DESTIN C. HALL, in his official capacity as Speaker of the North Carolina House of Representatives,<br><br>*Intervenor-Defendants*. | CASE NO. 3:26-cv-00098-SCR-WCM |

**<u>RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (DE50)</u>**

*Edwards v. Witherspoon*, No. 24-7049, 2026 WL 2661096 (4th Cir. Sept. 10, 2026), does not help Plaintiffs. In *Edwards*, a pregnant prisoner was diagnosed with opioid use disorder and received medication approved by the FDA for treating opioid use disorder until she gave birth, at which point prison officials denied her the FDA-approved medication. *Id.* at *13-14. The Fourth Circuit ruled that denying this medically mandated treatment was sufficient to meet the objective prong of the Eighth Amendment test for deliberate indifference. *Id.* at *14.

The Fourth Circuit then ruled that a triable dispute of fact existed as to whether certain

prison officials were sufficiently subjectively indifferent. *Id.* at *15-16. Although the prison's policy denied medication for opioid use disorder "to all non-pregnant offenders," the prison's medical director "himself conceded that" the condition is "serious and potentially deadly," that "the 'clinical standard' of treatment is medication," and that "treatment in the postpartum period would not be different than . . . in the pre-pregnancy period." *Id.* at *15 (quotations omitted). Thus, "a reasonable jury could find that they were 'subjectively aware of the risk' associated with discontinuing" the medications while creating the prison policies. *Id.* In contrast, the Fourth Circuit affirmed that a prison official who did not create the policies lacked subjective knowledge of harms where the plaintiff produced "no evidence" about his actual knowledge. *Id.* at *16.

The disputed treatment in this case is not at all comparable to the denial of FDA-approved medication in *Edwards*. For the objective prong, no Plaintiff has been denied the hormones that they seek, Memo. Supporting Renewed Mot. at 21-22, DE43-1; the Fourth Circuit has agreed that there are "rational" reasons for a State to exclude funding for surgical gender transition procedures, *id.* at 22 (quoting *Anderson v. Crouch*, 169 F.4th 474, 491 & n.15 (4th Cir. 2026)); and other circuit courts have agreed that denying such surgeries does not constitute an Eighth Amendment violation, *id.* at 22-23. For the subjective prong, the NCDAC officials did not participate in enacting N.C. GEN. STAT. § 143C-6-5.6(b1). *Cf. Edwards*, 2026 WL 2661096, at *6 n.8 (indicating that North Carolina legislation was "[r]elevant" for determining the appropriate treatment of prisoners). At most, Plaintiffs' allegations about the NCDAC officials indicate that the officials *agreed* with the legislature that no patient medically needs to undergo a surgical gender transition procedure as a treatment for gender dysphoria. Memo. Supporting Renewed Mot. at 24-25. Unlike *Edwards*, where officials believed that the policy they had created risked harming non-pregnant prisoners, Plaintiffs here simply disagree with the judgments of NCDAC officials and the General Assembly.

Dated: September 18, 2026

Respectfully submitted,

/s/ Nicole J. Moss
Nicole J. Moss
David H. Thompson*
Peter A. Patterson*
Clark L. Hildabrand*
John D. Ramer*
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
nmoss@cooperkirk.com
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
childabrand@cooperkirk.com
jramer@cooperkirk.com

**Pro hac vice*

*Counsel for Defendant-Intervenors*

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

The undersigned counsel hereby certifies the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered.

/s/ Nicole J. Moss
Nicole J. Moss

*Counsel for Defendant-Intervenors*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that, on September 18, 2026, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

/s/ Nicole J. Moss
Nicole J. Moss

*Counsel for Defendant-Intervenors*